**ERICKSON v. HOGAN et al.**

United States District Court
S. D. New York.

Dec. 12, 1950.

460

Joseph Leary Delaney, New York City, for plaintiff, Edward S. Menapace and Lee Feltman, New York City, of counsel.

Frank S. Hogan, Dist. Atty. pro se, Richard G. Denzer and Peyton H. Moss, Asst. Dist. Attys. New York City, of counsel.

John P. McGrath, Corporation Counsel, New York City, for defendants Murphy & Grafenecker, Saul Moskoff, Asst. Corporation Counsel, New York City, of counsel.

RYAN, District Judge.

Plaintiff seeks to enjoin the use and to compel the return of property taken by New York State and City law-enforcement officials in an allegedly illegal and unreasonable search and seizure.

This court has jurisdiction of plaintiff's complaint, for it alleges deprivation of rights under Title 8, Section 43, United States Code, Annotated. 28 U.S.C.A. § 1343; cf., Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

The use in state courts of property unlawfully seized does not violate the due process clause. Wolf v. Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782. Regardless of the inhibition upon the use of illegally obtained evidence in federal courts, Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, or the need for this rule to adequately protect constitutional rights, the Wolf case is a bar to the staying of state authorities under the facts presented. Procedures exist in the New York state courts by which the sufficiency of the seizures may be tested.

N.Y.Code Criminal Procedure §§ 791–813. Plaintiff's motion for an injunction pendente lite is denied.

Defendants have moved to dismiss the complaint, Rule 12, Fed.R.Civ.P. 28 U.S.C.A. Although plaintiff's allegations might be held to state a claim for damages, it is apparent that the gist of the complaint is the recovery of relief by way of injunction. As there has resulted a failure of that which appears to be the only purpose for the suit, the complaint is dismissed, but with leave to plaintiff, if he so elects, to amend his complaint, within twenty days, to seek only the relief to which he is entitled.

Settle order on notice.