Robert GREENE, Plaintiff,

v.

STATE OF NEW YORK, New York County Reporters, New York County Assistant District Attorneys Alvin Geller et al., Defendants.

John GRIFFIN, Plaintiff,

v.

NEW YORK STATE, EXECUTIVE DEPARTMENT DIVISION OF PAROLE, Individually and as an Agent Thereof, Defendants.

Ralph SCOTT, Plaintiff,

v.

Daniel McMANN, Warden, Clinton Prison, Dannemora, New York, and the People of the State of New York, Defendants.

No. 67–Civ. 4815.

United States District Court
S. D. New York.
Dec. 8, 1967.

Robert Greene, Ralph Scott, John Griffin, pro se.

CROAKE, District Judge.

MEMORANDUM

The present litigants seek injunctive relief and damages under 42 U.S.C. §

1983 (1964).[1] The three plaintiffs charge violation of their constitutional rights to due process and equal protection resulting from allegedly unconstitutional state court criminal proceedings. As these cases present identical questions of law they have been consolidated for purposes of this opinion.

Plaintiff Robert Greene alleges in his complaint that the State of New York through its officers used the criminal process in order to deny him his civil rights. Nowhere in his complaint or other moving papers does Greene amplify his allegation that the criminal process was perverted, nor does he marshall any factual support for conclusory allegations appearing in his papers.[2] From the attached papers it appears that the plaintiff was sentenced on August 9, 1967 in connection with a conviction for sale of narcotics. It does not appear that an appeal has been perfected. However, some steps have been taken in state court to obtain relief through habeas corpus. (See letter from the chambers of Justice Gagliardi with respect to a petition for habeas corpus.)

Plaintiff John Griffin alleges in his complaint that due to the operation of § 218 N.Y. Correction Law, McKinney's Consol.Laws, c. 43, his sentence was unconstitutionally extended without a full and fair hearing. Griffin was sentenced on April 10, 1959, to a term of from 6 to 12 years for second degree robbery. After parole on March 5, 1963, Griffin was arrested on May 31, 1963, charged with commission of a felony, and, pursuant to § 218 N.Y. Correction Law, was declared delinquent of parole. After receiving a suspended sentence for the charged felony, the plaintiff was re-committed for parole violation and the maximum expiration date of his original sentence was extended by six months under § 218 N.Y. Correction Law. Petitioner was again released on parole on October 27, 1966. On January 5, 1967 he was arrested for a felony and was subsequently sentenced to a one-year term at Rikers Island. Griffin was again returned to prison for parole violation with an additional six months being added to the expiration date of the sentence. These additions to his sentence without any hearing form the basis of his complaint.

Plaintiff Ralph Scott alleges that he was denied effective assistance of counsel and that one of the Assistant District Attorneys of New York State conspired with the arresting officers to deny plaintiff his constitutional rights. Scott is now imprisoned pursuant to a conviction entered on his guilty plea of March 3, 1967, to the crime of second degree robbery. This plaintiff charges in part that the Assistant District Attorney, in an attempt to deny Scott the right to a preliminary hearing, misled the trial court as to material facts, stating that Scott had been indicted when at the time this representation was made he had not in fact been indicted. Scott requests that we certify his claim for determination by a three-judge panel. See 28 U.S.C. § 2284 (1964).

The district courts have original jurisdiction in any civil action brought by a person who alleges deprivations of his constitutionally protected rights by state or city enforcement officers. 28 U.S.C. § 1343 (1964). The question here, however, is the propriety of entertaining applications seeking equitable relief for

1. *Civil action for deprivation of rights*
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

2. Robert Greene has had a petition for a writ of habeas corpus before this court. Judge Bonsal dismissed the petition for failure to exhaust state remedies. An application for an order enjoining further state proceedings was also denied. See United States ex rel. Greene v. Nenna, 67 Civ. 1351 (July 27, 1967).

alleged civil rights violations incurred in state criminal proceedings thereby skirting established rules of comity and the requirements of the federal habeas corpus statutes. See Lombardi v. Peace, 259 F.Supp. 222, 226 (S.D.N.Y. 1966).

This court is constrained from issuing an injunction staying proceedings in state courts except where expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments. 28 U.S.C. § 2283 (1964); Nationwide Mutual Ins. Co. v. Vaage, 265 F.Supp. 556, 562–563 (S.D.N.Y.1967).

While it is not clear whether the several civil rights statutes create exceptions to this general proscription,[3] it has been held by this circuit that a case does not fall within the statutory exception to 28 U.S.C. § 2283—thus allowing issuance of an injunction—simply because it permits injunctive relief in federal actions. Unless the latter statute carries with it strong evidence of an intention to repeal an earlier statute it is the court's duty to harmonize the two and refuse to issue the injunction. See Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d Cir. 1966). Therefore, despite the broad substantive language of the civil rights statutes, they should be interpreted with an eye to their history and with an awareness that they are not the only available means by which persons alleged to have suffered deprivation of their rights may seek redress. Cranney v. Trustees of Boston Univ., 139 F.Supp. 130 (D.Mass.1956).

However, assuming *arguendo* that the civil rights statutes carve out an exception to the general proscription against the issuance of an injunction, these complaints should not be entertained at this juncture. The civil rights provisions should be construed so as to respect the proper balance between the federal and state law enforcement systems and should not be used in a manner calculated to centralize adjudicative power in the federal courts. See Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed. 2d 390 (1962); Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Pugach v. Sullivan, 180 F.Supp. 66 (S.D.N.Y.), aff'd, 277 F.2d 739 (2d Cir.), aff'd, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1960). It is important then that civil rights actions not be used for the purpose of obtaining a review or retrial of state court proceedings. Morgan v. Sylvester, 125 F.Supp. 380 (S.D. N.Y.1954), aff'd, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 869, 76 S.Ct. 112, 100 L.Ed. 768, rehearing denied, 350 U. S. 919, 76 S.Ct. 201, 100 L.Ed. 805 (1955). If this court were to permit an injunction to issue in such cases it would be tantamount to a conclusion on our part that the state courts cannot or will not protect the civil rights of these litigants. See Morgan v. Sylvester, supra. As none of the plaintiffs has shown an intentional or purposeful discrimination an injunction should not issue. Moss v. Horning, 314 F.2d 89 (2d Cir. 1963).

More importantly, the plaintiffs in these cases should not be permitted to by-pass the requirements of the federal habeas corpus statutes. Duncombe v. New York, 267 F.Supp. 103 (S.D.N.Y. 1967). Such circumvention is in direct conflict with the requirement that the civil rights provision be read in harmony with the dictates of the habeas corpus statutes. Lombardi v. Peace, 259 F. Supp. 222, 226 (S.D.N.Y.1966); Gaito v. Strauss, 249 F.Supp. 923, 930 (W.D.Pa.), aff'd, 368 F.2d 787 (3d Cir. 1966). The suitability of the habeas corpus remedy in criminal actions is emphasized in that this court may enjoin further state court

---

3. In Baines v. City of Danville, 337 F. 2d 579 (4th Cir. 1964), it was held that 42 U.S.C. § 1983 (1964), does not create an exception to the anti-injunction statute. To the same effect are Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956); Smith v. Village of Lansing, 241 F.2d 856 (7th Cir. 1957). But see Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950). The Supreme Court has not passed on this problem. See Dombrowski v. Pfister, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

action connected with the matter under review in the District Court. See 28 U.S.C. § 2251 (1964).

As we believe that the complainants should resort to the habeas corpus remedies available to them rather than filing complaints under the civil rights statutes, we dismiss the complaints as frivolous both as to the equitable relief sought and with regard to damages. See Erickson v. Hogan, 94 F.Supp. 459, 460 (S.D.N.Y.1960). We also believe that the plaintiffs in these cases have failed to exhaust their state remedies as is required in 28 U.S.C. § 2254 (1964) and therefore, treating these complaints as petitions for writs of habeas corpus, they are denied.

In accordance with the foregoing, forma pauperis is granted and the complaints are dismissed pursuant to 28 U.S.C. 1915(b) (1964). Treated as applications for writs of habeas corpus, they are denied for failure to exhaust state remedies.

So ordered.