**Curtis MARTIN, Plaintiff,**

v.

**Detectives ROACH and Greco, Defendants.**

**No. 68 Civ. 169.**

United States District Court S. D. New York.

Jan. 15, 1968.

Curtis Martin pro se.

OPINION

MacMAHON, District Judge.

Plaintiff, a prisoner at Ossining State Prison, seeks damages and injunctive relief under 42 U.S.C. §§ 1983 and 1985(3). He alleges that defendants, two police detectives in New York City, entered into a conspiracy to deprive him of his civil rights in connection with his arrest and conviction on a narcotics charge in Bronx County Supreme Court. Specifically, he claims that defendants arrested him and searched his home without a warrant on August 10, 1967.

The federal district courts have original jurisdiction in any civil action brought by a person who alleges deprivation of his constitutionally protected rights by state or city law enforcement officers. 28 U.S.C. § 1343. But an application for relief under the Civil Rights Act for alleged civil rights violations incurred in state criminal proceedings, thereby skirting the requirements of the federal habeas corpus statutes, is improper. Greene v. New York, 281 F. Supp. 579, S.D.N.Y., Dec. 8, 1967; Lombardi v. Peace, 259 F.Supp. 222 (S.D. N.Y.1966).

In substance, this application presents all the elements of an application for a writ of habeas corpus. See Duncombe v. State of New York, 267 F. Supp. 103, 109 (S.D.N.Y.1967). Treating it as such, we find that it is premature. A person in state custody cannot secure federal relief until he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254. Plaintiff makes no showing that he has complied with this requirement. Thus, his action is untimely and must fail.

Accordingly, petition to proceed in forma pauperis is granted, and the complaint is dismissed as an improper attempt to bypass federal habeas corpus remedies. Treated as an application for a writ of habeas corpus, it is denied for failure to exhaust state remedies.

So ordered.