Roy Lee SMARTT, Petitioner-Appellant,

v.

Harry S. AVERY, Commissioner of Corrections and C. Murray Henderson, Warden, Tennessee State Penitentiary, Respondents-Appellees.

No. 18661.

United States Court of Appeals
Sixth Circuit.

May 15, 1969.

Roy Lee Smartt, in pro. per.

James C. Dale, III, Sp. Counsel, State of Tennessee, Nashville, Tenn., for appellees on brief, George F. McCanless, Atty. Gen., State of Tennessee, Nashville, Tenn., of counsel.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The district judge for the Middle District of Tennessee considered the petitions filed April 6, 1967 pro se by Roy Lee Smartt, petitioner-appellant, and the supplemental petition of his court appointed lawyer as stating a claim under the civil rights statutes. Section 1343, Title 28, and Section 1983, Title 42, U.S.C. The district judge, upon hearing, denied the claim and the appellant appeals.

The appellant while on parole from a five year state court sentence was convicted in the Criminal Court of Shelby County, Tennessee, for robbery and accessory before the fact of robbery. He received 15 and 5 year sentences respectively, to be served concurrently. Upon conviction of a felony while on parole he became subject to automatic parole revocation under Section 40–3620 Tennessee Code Annotated. The new sentences were to begin at the expiration of the five year sentence upon which he had been paroled. The pertinent part of Section 40–3620 as in effect at the time of the revocation of parole on the first 5 year sentence is as follows:

"If any prisoner be convicted in this state of a felony committed while on parole from a state prison, he shall, in addition to the sentence which may be imposed for such felony, and before beginning to serve such sentence, be compelled to serve in a state prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum."

The appellant's principal complaint is that when his parole was revoked the remainder of his sentence was made to run from the date of the release on parole rather than the date of the delinquency. This resulted in about fourteen months extension of time before he would be eligible for parole on the new sentences.

After the Supreme Court announced its decision in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, the court appointed lawyer filed the supplemental petition above mentioned, claiming that the appellant's constitutional rights were violated because he did not have a lawyer at the parole hearing. The inference is that had the appellant had a lawyer to represent him before the parole board his rights would have been protected from the alleged injustice of which he complains. The district judge held that this raised a civil rights issue of which he had jurisdiction and that it was not necessary for the appellant to exhaust his state remedy on that question.

The Civil Rights Statute cannot be used by a state prisoner to circumvent the requirement of the statute providing that habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. See Johnson v. Walker, 317 F.2d 418 (C.A. 5 1963) (which we have followed in many unpublished opinions in the Sixth Circuit.)

Clearly the appellant had not exhausted his state remedies in accordance with Section 2254, Title 28, U.S.C. He did not allege it and the district judge held that it was not necessary because of the application of the Civil Rights Statute. We affirm the judgment of the District Court but we do not reach the merits of

the appellant's contention as did the district judge. Neither do we reach the general question whether a parolee has a constitutional right to have counsel at a parole board hearing for the revocation of parole.

The fifteen year sentence which the appellant received for robbery in Shelby County Criminal Court while he was on parole and of which he complains in this action was challenged again in a habeas corpus action filed in the Middle District of Tennessee. Judge Miller of the Middle District transferred the case to the Western District of Tennessee. This case is now on appeal in our court entitled Roy Lee Smartt, Petitioner-Appellant, v. C. Murray Henderson, Warden, Respondent-Appellee, 411 F.2d 406. Although it was consolidated with this appeal by order of court it will be disposed of separately.