**John William SMITH, Petitioner,**

v.

**William H. LOGAN and Luke Witt, Respondents.**

**Civ. A. No. 70-C-6-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

April 29, 1970.

J. Sloan Kuykendall, Kuykendall & Whiting, Winchester, Va., for respondent Logan.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for Luke Witt.

## SUMMARY DISMISSAL

DALTON, Chief Judge.

In November, 1962, petitioner was convicted of murder by the Circuit Court of Shenandoah County and sentenced to twenty years imprisonment. Petitioner is presently confined in the Virginia Penal system as a result of this conviction.

This petition was filed pursuant to 42 U.S.C. § 1983 against William H. Logan, a former Commonwealth Attorney of Shenandoah County, and Luke Witt, an Assistant Attorney General of Virginia, for the alleged use of perjured testimony to convict petitioner. The petition appears to have a twofold purpose—an injunction against the continued restraint of petitioner's freedom and an award of damages for the alleged constitutional violation of petitioner's rights.

Section 1983 of the Civil Rights Act may not be used by a state prisoner to gain release from custody. The proper method to obtain this relief is through the filing of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. See Peinado v. Adult Authority of Department of Corrections, 405 F.2d 1185 (9th Cir. 1969); United States ex rel. Watson v. Commonwealth of Pennsylvania, 289 F.Supp. 797 (E.D. Pa.1968).

As to the second, Section 1983 was not intended by Congress to cover the present suit for damages. State prisoners may not circumvent the exhaustion requirements of 28 U.S.C. § 2254 by bringing these suits. Still v. Nichols, 412 F.2d 778 (1st Cir. 1969); Smartt v. Avery, 411 F.2d 408 (6th Cir. 1969); Greene v. State of New York, 281 F.Supp. 579 (S.D.N.Y.1967).

Also, it would be improvident for a federal court to entertain a suit for damages inquiring into possible constitutional violations committed during the trial, while the petitioner is imprisoned on that conviction. See Still v. Nichols, *supra;* Greene v. State of New York, *supra*; Martin v. Roach, 280 F. Supp. 480 (S.D.N.Y.1968). State prisoners may have the constitutional violations of their trial remedied by habeas corpus proceedings. In those proceedings the courts can afford the best relief—namely release from custody. In order to adjudicate petitioner's claim for damages this court would be required to hold the same hearings and make the same determinations as necessary on habeas corpus. To allow this suit is to say that every state prisoner may attack the alleged constitutional violations of his trial by two different methods—first, by habeas corpus for release from custody and secondly, by § 1983 for damages. I can find no justification for vastly expanding the burdens on the federal courts by permitting this duplicity of actions. The method for adjudicating these claims is habeas corpus and it is in those proceedings that prisoners may obtain the most adequate remedy.

Even though I am not required to do so, I will treat this suit as a petition for a writ of habeas corpus. Peinado v. Adult Authority of Department of Corrections, *supra*. Petitioner has not alleged or shown that he has exhausted his state remedies as required by 28 U.S.C. § 2254. Compliance with § 2254 requires that the highest court of the state hear and adjudicate the claim. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

For the foregoing reasons this suit is dismissed. The present dismissal is without prejudice to the refiling of a similar suit if relief is obtained on habeas corpus or by other proper methods.