Lynn M. MOORE, Plaintiff,

v.

James FRAZIER, individually and as Deputy Sheriff of Lincoln County, Nebraska; Art Cook, individually and as probation officer of Lincoln County, Nebraska; Leonard Vyhnalek, attorney at law, Lincoln County, Nebraska, Defendants.

Civ. 1750L.

United States District Court,
D. Nebraska.

Aug. 3, 1970.

## MEMORANDUM

URBOM, District Judge.

The plaintiff, Lynn M. Moore, has tendered to this court a document titled "Application for Civil Rights Relief and Suit for Damages Under Title 42 Section 1983 and 1985" and the document includes a complaint, language which this court construes to be a motion to proceed in forma pauperis, and an affidavit.

The named defendants are James Frazier, Deputy Sheriff of Lincoln County, Nebraska; Art Cook, probation officer of Lincoln County, Nebraska; and Leonard Vyhnalek, attorney at law. Damages in the amount of $10,000.00 real and $100,000.00 punitive are sought from each defendant.

According to the plaintiff the following facts constitute a claim for relief against each defendant under the Civil Rights Act: [1]

Between the dates of July 5, 1969, and October 20, 1969, Deputy Sheriff Frazier received knowledge relating to Moore's then pending state criminal case by listening to certain conversations that transpired between Moore and his court-appointed attorney, Leonard Vyhnalek.

1. 42 U.S.C. §§ 1983, 1985.

However, the complaint is devoid of allegations concerning such essential elements as where the conversations between Moore and Vyhnalek occurred; the exact nature of the subject matter of the conversations; whether Moore or Vyhnalek was aware of Frazier's presence during these conversations and, if so, whether a request was made for privacy; whether information obtained by Frazier was directly transmitted to the prosecutor; and how the actions of the defendants, individually or collectively, denied him any constitutionally guaranteed right. The court concludes that the complaint fails to state sufficient facts upon which relief could be granted under § 1983 of the Civil Rights Act.

Moreover, this court is convinced that the allegations fail to state a cause of action under § 1985 of the Civil Rights Act. The conspiracy, as alleged, amounted to little more than indifference and omissions. Also, the joinder of Vyhnalek, an attorney at law, is improper because he was not acting under color of state law, as held by this court recently in Blackwell v. Langemach, Civ. 1724L.

It is conceivable, however, that allegations could be made, or the present allegations could be interpreted as meaning (although this court does not so interpret them) that confidential communications between an attorney and his client, directly connected with the preparation of a criminal case, were wrongfully intercepted by a deputy sheriff and later transmitted to the prosecutor for preparing the state's case. Such conduct might well be inconsistent with fundamental fairness and, if prejudicial to the defendant, might have denied him effective assistance of counsel and due process of law. If so, he would have a remedy under habeas corpus proceedings, after exhaustion of state remedies, to invalidate his conviction. May he pursue an action under the Civil Rights Act without first having his conviction invalidated by means of federal habeas corpus or pertinent state remedies? This court thinks not. To do so would permit the recovery of damages for an incarceration which at the time of the allowance of damages would be presumptively valid,[2] because the incarceration continues and has not been attacked in any proceeding designed to release the prisoner from his incarceration. Furthermore, if the prisoner has not exhausted his state remedies for attacking his conviction, allowance of damages would effect a circumvention of the recognized doctrine of comity by which the courts of a state are permitted to test the validity of the conviction before the federal courts test such validity.[3]

Chief Judge Dalton in Smith v. Logan, 311 F.Supp. 898 (U.S.D.C.W.D. Va.1970) construed the state prisoner's complaint for damages and release under 42 U.S.C.A. § 1983 as a petition for writ of habeas corpus. The court in *Smith*

---

2. It is well settled that a strong presumption of constitutionality attaches to a state conviction which is collaterally attacked by way of federal habeas corpus. See Widmer v. Johnston, 136 F.2d 416 (C.A. 9th Cir. 1943), cert. denied 320 U.S. 780, 64 S.Ct. 92, 88 L.Ed. 468; Paul v. Waters, 109 F.Supp. 195 (U.S.D.C.Okl.1952), aff'd 204 F.2d 510 (C.A. 10th Cir. 1952); Rigby v. Russell, 287 F.Supp. 325 (U.S. D.C.Tenn.1968); United States ex rel. McCloud v. Rundle, 402 F.2d 853 (C.A. 3rd Cir. 1968); United States ex rel. Fink v. Rundle, 414 F.2d 542 (C.A. 3rd Cir. 1969).

3. This court recently stated in Journey v. Sigler et al., (unpublished) Civ. 1727L:

"Other federal courts have endeavored to weigh the principles brought into focus by state prisoners' proclivity to construct legal remedies from the civil rights statute in a vain attempt to circumvent the requirement of exhaustion imposed by 28 U.S.C.A. § 2254." Courts have consistently held that 42 U.S.C.A. § 1983 cannot be used to by-pass the established rules of comity. Greene v. State of New York, 281 F.Supp. 579 (U.S.D.C. S.D.N.Y. 1967); King v. McGinnis, 289 F.Supp. 466 (U.S.D.C. S.D.N.Y.1968); Baker v. McGinnis, 286 F.Supp. 280 (U.S.D.C. S.D.N.Y.1968); Smartt v. Avery, 411 F. 2d 408 (C.A. 6th Cir. 1969); Smith v. Logan, 311 F.Supp. 898 (U.S.D.C. W.D. Va.1970).

analyzed the premature filing of a civil rights action for damages in these words:

" * * * (I)t would be improvident for a federal court to entertain a suit for damages inquiring into possible constitutional violations committed during the trial, while the petitioner is imprisoned on that conviction. See Still v. Nichols, *supra* [1 Cir., 412 F.2d 778]; Greene v. State of New York, *supra* [D.C., 281 F.Supp. 579]; Martin v. Roach, 280 F.Supp. 480 (S.D. N.Y.1968). State prisoners may have the constitutional violations of their trial remedied by habeas corpus proceedings. In those proceedings the court can afford the best relief— namely release from custody. In order to adjudicate petitioner's claim for damages this court would be required to hold the same hearings and make the same determinations as necessary on habeas corpus. To allow this suit is to say that every state prisoner may attack the alleged constitutional violations of his trial by two different methods—first, by habeas corpus for release from custody and secondly, by § 1983 for damages. I can find no justification for vastly expanding the burdens on the federal courts by permitting this duplicity of actions. The method for adjudicating these claims is habeas corpus and it is in those proceedings that prisoners may obtain the most adequate remedy."

However, a suit for damages under the Civil Rights Act would not be improvident where the violation of constitutionally secured rights was not directly related to or was not a substantial ingredient of his state conviction, since the prime issue would not be the validity or invalidity of the conviction and the exhaustion of state remedies should not be a prerequisite.

If the present action be interpreted as an action under the Civil Rights Act, it must be dismissed for failure to allege a legal proceeding which has invalidated the plaintiff's conviction.

 If the present action be interpreted as one of habeas corpus, it must be dismissed because the pleadings do not allege that remedies available to the petitioner in the state courts have been exhausted and because the person having custody over the petitioner in his incarceration is not a party to the action, as required by 28 U.S.C. § 2242.

An order dismissing the action will be entered today.