Hayward ALEXANDER, Plaintiff-Appellant,

v.

Cecil EMERSON, Supervisor, Federal Dale Officers, et al., Defendants-Appellees.

No. 73-2924

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1973.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

286

Hayward Alexander, pro se.

Frank D. McCown, U. S. Atty., Kenneth Mighell, Asst. U. S. Atty., Dallas, Tex., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Hayward Alexander appeals the district court's dismissal of his styled Civil Rights action entitled "Complaint for Damages for False Imprisonment." We affirm the dismissal.

The appellant is a prisoner of the State of Texas by virtue of his conviction for the possession of narcotics, and subsequently imposed life sentence. In his pleadings filed below, he sought damages of $50,000.00 in connection with alleged constitutional infirmities of his arrest and the search of his apartment leading to the introduction at his trial of property seized therefrom. He also complained of being tried on the charges by the State of Texas rather than by the United States government since his arrest was effected by federal officials.

The district court correctly dismissed this § 1983 action in a summary manner. As the United States District Court for the Western District of Virginia held in Smith v. Logan, W.D.Va.1970, 311 F. Supp. 898, 899:

"* * * [I]t would be improvident for a federal court to entertain a suit for damages inquiring into possible constitutional violations committed during the trial, while the petitioner is imprisoned on that conviction. * * * State prisoners may have the constitutional violations of their trial remedied by habeas corpus

proceedings. In those proceedings the courts can afford the best relief—namely release from custody. In order to adjudicate petitioner's claim for damages this court would be required to hold the same hearings and make the same determinations as necessary on habeas corpus. To allow this suit is to say that every state prisoner may attack the alleged constitutional violations of his trial by two different methods—first, by habeas corpus for release from custody and secondly, by § 1983 for damages. I can find no justification for vastly expanding the burdens on the federal courts by permitting this duplicity of actions. The method for adjudicating these claims is habeas corpus and it is in those proceedings that prisoners may obtain the most adequate remedy."

See Still v. Nichols (1 Cir. 1969), 412 F.2d 778; Smartt v. Avery (6 Cir. 1969), 411 F.2d 408.

We therefore affirm the judgment appealed from.[1]

Affirmed.

---

1. We also deny the appellant's motion seeking the production of certain documents pertaining to his arrest.