**Thomas W. SHAW and Oscar M. Gonzales, Plaintiffs-Appellants,**

v.

**Dolph BRISCOE et al., Defendants-Appellees.**

**No. 75–1906.**

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1976.

H. Douglas Laycock, Austin, Tex. (Court-appointed), for plaintiffs-appellants.

Jack Boone, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

The named plaintiffs, two prisoners in the custody of the Texas Department of Corrections, commenced this pro se class action under 42 U.S.C. § 1983 challenging the constitutionality of various procedures of the state parole board. In addition to requesting declaratory relief, the plaintiffs sought "[a] preliminary and permanent injunction enjoining the named Defendants from *DENYING* any paroles in Texas until this controversy is resolved by this court." The district court dismissed the action, ruling that relief of that nature would have the effect of releasing prisoners and, therefore, the action should have been brought as a habeas corpus action. In support the court cited *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

The *Preiser* decision, however, clearly points to a different result. While that case did stand for the proposition that a prisoner seeking release from confinement must utilize habeas corpus, it also held that other actions relating to unconstitutional treatment of prisoners during their confinement could be brought under § 1983 if the relief granted would be in a form other than release from prison. The court anticipated the problem of a prisoner challenging both the fact and the condition of his confinement and suggested that a court could split the complaint and deal with that portion which is properly before it.

If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decisions, that holding in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim relating to the conditions of his confinement. 411 U.S. at 499 n. 14, 93 S.Ct. at 1841.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court was faced with an issue very similar to the one before the district court in this case. The plaintiffs in that case sought declaratory and injunctive relief against alleged deprivations of due process in the administration of prison discipline. The Court held that while the district court was barred from granting the restoration of good time credit in a 1983 action, the district court should have heard those aspects of the complaint that could be adequately dealt with by declaratory or injunctive relief. 418 U.S. at 554–55, 94 S.Ct. 2963.[1]

In light of those Supreme Court opinions, it was improper to dismiss the complaint in this case which for the most part could be dealt with by the granting of declaratory relief. The presence of a single offending prayer,[2] should not contaminate the entire complaint. Accordingly, we reverse the decision of the district court and remand it for further consideration in light of this opinion.

---

1. *See Leonard v. Mississippi State Probation and Parole Bd.,* 509 F.2d 820, 823–24 (5th Cir. 1975).

2. It would appear from the plaintiffs' untimely attempt to amend their complaint that the intent of their request for interlocutory relief was not to force the parole board to grant all parole requests, but to prohibit them from denying the requests thus triggering a one-year period before a prisoner could refile for parole. If the district court reads the ambiguous request in this manner, it is maintainable under § 1983. If it reads the request to be seeking release, it may dismiss as to that particular prayer.