**John FULFORD, Plaintiff-Appellant,**

v.

**Frank KLEIN, etc., et al., etc.,
Defendants-Appellees.**

No. 74–2723.

United States Court of Appeals,
Fifth Circuit.

March 25, 1976.

Rehearing En Banc Granted
May 20, 1976.

See also, 5 Cir., 529 F.2d 385.

John V. Baus, John C. Combe, Jr., New Orleans, La., for plaintiff-appellant.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Barbara B. Rutledge, Asst. Atty. Gen., John S. Baker, Louise Korns, Joseph B. Tosterud, Jr., New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, TUTTLE and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This case represents a further development in the burgeoning field of civil rights actions brought under 42 U.S. C.A. § 1983 by state prisoners who have not exhausted their state remedies by first attacking their conviction and confinement in state courts. We hold that a § 1983 action for damages based on the withholding at trial of possible exculpatory evidence by state officials in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), cannot be prosecuted while the state case is on appeal and before all state remedies have been exhausted in seeking relief from the conviction allegedly obtained in violation of the federal Constitution and law. Concerned about the possible statute of limitations bar to a suit not commenced until after such exhaustion, however, we vacate the district court's order of dismissal and remand for consideration of whether the suit should be held in abeyance, rather than dismissed.

In 1974 plaintiff was convicted of murder and sentenced to life imprisonment. His appeal from this conviction was pending before the Louisiana Supreme Court when this case was heard. Twice during the course of his trial petitioner moved that the court require the prosecution to furnish exculpatory evidence, and both times the prosecution responded that they had none. Seeking money damages from two assistant district attorneys and the superintendent of police for violation of his constitutional rights in allegedly refusing to divulge

exculpatory evidence which plaintiff asserts was in their possession, Fulford filed this § 1983 suit. Before any response from defendants, the court dismissed the complaint without prejudice, ruling that "since the petitioner challenged the legality of his imprisonment, we should treat this as a habeas corpus petition and require that Fulford exhaust his state remedies."

Asserting that he is not attacking the validity of his conviction in this suit, nor seeking release from state confinement, plaintiff claims that he is entitled to bring a § 1983 civil suit for damages without first being forced to seek habeas corpus relief with its concomitant requirement of exhaustion of state remedies under 28 U.S.C.A. § 2254.

The district court properly relied on our decision in *Alexander v. Emerson,* 489 F.2d 285 (5th Cir. 1973). Plaintiff asserts that *Alexander* is wrong and should be reversed. One panel of this Court cannot overrule a decision of a previous panel, absent controlling Supreme Court authority. Only the Court *en banc* may do that. *See* F.R.A.P. Rule 35; *United States v. Lewis,* 475 F.2d 571, 574 (5th Cir. 1972). A reexamination of *Alexander,* however, in the light of two recent Supreme Court cases, *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), convinces us that the principle there announced remains sound, at least as applied to the facts of this case. Any further reevaluation of *Alexander* is unnecessary.

The *Alexander* Court gave full imprimatur to *Smith v. Logan,* 311 F.Supp. 898 (W.D.Va.1970). There the plaintiff, a prisoner, brought a § 1983 civil rights suit for damages caused by the use of perjured testimony to convict him in a prior criminal trial. The district judge stated that "it would be improvident for a federal court to entertain a suit for damages inquiring into possible constitutional violations committed during the trial, while petitioner is imprisoned on that conviction." 311 F.Supp. at 899. Quoting the opinion at length, *Alexander* applied this concept in dismissing a dam-

age suit, brought before exhaustion, in connection with alleged constitutional infirmities in an arrest, search and seizure leading to the introduction at plaintiff's criminal trial of the property seized.

This case is controlled *a fortiori* by the decision in *Alexander.* Like *Smith v. Logan,* the sole complaint here concerns a constitutional right which accrues only during a criminal prosecution, *i. e.,* the due process right to examine for trial purposes exculpatory evidence in possession of the prosecutor. An illegal arrest or search and seizure, the source of the *Alexander* litigation, may support a cause of action for damages independent of any criminal charge or trial. The rights asserted here to a fair trial and to due process of law are, on the other hand, by their nature cognizable only in the context of the validity of the criminal proceeding. By requiring that exhaustion of state remedies precede a civil rights action in a case where the damage may be both related and unrelated to the underlying criminal conviction, the rule clearly applies to the alleged abuse of rights involving only the trial and the criminal conviction itself. The Supreme Court decisions of *Preiser* and *Wolff* sharpen our focus on this issue, but do not preclude the application of *Alexander* to cases such as the one before us today, where the gravamen of the plaintiff's argument is that his underlying criminal conviction was unconstitutionally obtained.

An examination into the relationship between civil rights and habeas corpus actions must be made with an understanding of the requirement of exhaustion of state remedies pertaining to the habeas corpus relief, and the underlying doctrine of comity between state and federal judicial systems. Compelled by the "exigencies of federalism," the doctrine of comity dictates that a federal court "defer action on cases properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Fay v. Noia,* 372 U.S. 391, 415, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837, 857 (1963), *citing Darr v. Burford,*

339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761, 767 (1950).

■ There is little question that civil remedies based on the violation of federal rights may be sought in federal court without exhaustion of state court remedies where the federal remedy is independent of any kind of habeas corpus relief or is merely supplementary to possible state action. In *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492, 502 (1961), the Supreme Court held that plaintiffs had properly stated a cause of action under 42 U.S.C.A. § 1983 against 13 policemen for damages resulting from an unconstitutional search which did not lead to criminal action. Exhaustion of state remedies was not necessary: "it is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Id.* at 183, 81 S.Ct. at 482, 5 L.Ed.2d at 503. In *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), the Court held that a prisoner's suit charging that prison conditions worked a deprivation of constitutional rights properly pleaded a cause of action under 42 U.S.C.A. § 1983 and that exhaustion was not required. *See also Houghton v. Shafer*, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); *McNeese v. Board of Education*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963).

In *Preiser v. Rodriguez, supra,* the Supreme Court directly confronted the conflict between habeas corpus and civil rights actions. That case involved three § 1983 actions brought by New York state prisoners who alleged unconstitutional deprivation of good time credits because of unconstitutional state administrative action and sought injunctive relief to compel restoration of the credits. The plaintiffs filed their § 1983 complaints in combination with petitions for writ of habeas corpus. Referring to the "strong policy" of supporting federal-state comity by requiring exhaustion, the Court ruled that when cases fall squarely within the traditional bounds of habeas corpus, a § 1983 action is not a permissible alternative. To quote at length from that opinion:

> The respondent's counsel acknowledged at oral argument that a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus. . . . It is clear to us that the result must be the same in the case of a state prisoner's challenge to the fact or duration of his confinement, based, as here, upon the alleged unconstitutionality of state administrative action. Such a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. . . . It would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade [exhaustion of state remedies] by the simple expedient of putting a different label on their pleadings.

411 U.S. at 489–490, 93 S.Ct. at 1836, 36 L.Ed.2d at 450.

The Court then went on, however, to hold that a damage claim which does not both *attack* the confinement and *seek* release may proceed without prior exhaustion of state remedies.

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies. *Cf. Ray v. Fritz,* 468 F.2d 586 (CA2 1972).

*Id.* 411 U.S. at 494, 93 S.Ct. at 1838, 36 L.Ed.2d at 453. It is not clear from this decision whether an attack on the confinement where release is not sought but damages are requires exhaustion.

In *Wolff v. McDonnell, supra,* the Supreme Court later held that prisoners who challenged prison disciplinary procedures and requested money damages, injunctive restoration of good time credits and submission of a plan for a prison hearing procedure in a class action had only a limited § 1983 cause of action. The Court found that restoration of good time credits was foreclosed under the authority of *Preiser.* Nevertheless, the claim for damages arising from allegedly invalid disciplinary procedures could go forward while actual restoration of good time credits was concurrently sought in state proceedings. Although the opinion is unclear as to whether the loss of good time credits could be claimed as an element of damages, we do not believe the Court so intended. The Supreme Court ruled that on remand the district court was foreclosed from issuing an injunctive restoration of good time credits, but could assist a plaintiff in obtaining "ancillary relief" by enjoining the prospective enforcement of invalid prison regulations. 418 U.S. at 554–555, 94 S.Ct. at 2973, 41 L.Ed.2d at 949.

From the Court's delineation of permissible and impermissible uses of the district court's injunctive and declaratory powers on remand of the *Wolff* case, we conclude that the Court authorized the district court to examine the constitutionality of the state prison procedure, and to award damages which were incidental to an invalid proceeding. Since the district court was expressly forbidden to enter an injunction concerning the merits of the issue before the state administrative body (*i. e.,* the proper length of confinement), however, it follows as a matter of logic that the district court was similarly prohibited from awarding damages for excessive confinement.

▆ On our reading of *Wolff* and *Preiser* we reject Fulford's argument that the propriety of § 1983 actions may be determined solely on the basis of the relief sought, *i. e.,* actions for money damages may go forward while actions for injunctive relief from incarceration may not. We conclude from the Supreme Court cases that habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction.

▆▆ The strong policy of comity between state and federal judicial systems buttresses the decision we reach in the instant case. *See also Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir. 1974). Comity was succinctly defined in *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669, 675 (1971), as "a proper respect for state functions." It would be the height of disrespect for the integrity of the administration of justice in Louisiana if we were to attempt to decide, during the pendency of an appeal from a criminal conviction and prior to the pursuit of state habeas corpus remedies, whether a prisoner should be given damages because of a denial of the constitutional right to due process during his criminal trial. Indeed if we were to believe that on remand from the *Wolff v. McDonnell* opinion the district court could determine that a prisoner was entitled to the good time credits that the disciplinary body had cancelled, and could award money damages therefor, any concurrent state action would be an exercise in futility. Clearly plaintiff's assertion that his *Brady* rights were violated, although asking money damages, is a thinly disguised circumvention of state remedies. We note that the result of the *Brady* holding was reversal of plaintiff's criminal conviction and not the award of money damages at civil law. *Brady* did not create any cause of action independent of the validity of the conviction.

The district court in *Smith v. Logan, supra,* intimated that a § 1983 action was entirely improper, not just untimely. We pretermit a decision on whether this aspect of the *Smith v. Logan* holding has been adopted by this Circuit. For reasons akin to comity, and based on the requirements for a case and controversy, and for judicial economy, the question is

not ripe at this stage in the litigation of Fulford's claim. Any consideration of whether Fulford could have a cause of action for damages, even after exhaustion, must await final determination of the validity of the conviction in state court.

On this appeal Fulford argues that by requiring him to pursue habeas corpus relief and to exhaust state remedies, his right to seek § 1983 relief may be prejudiced by the running of the relevant Louisiana liberative prescription (statute of limitations). *See Shank v. Spruill,* 406 F.2d 756 (5th Cir. 1969); *Still v. Nichols,* 412 F.2d 778 (1st Cir. 1969). Since we do not hold that a § 1983 action is necessarily impermissible, we share petitioner's concern that the trial court's disposition—dismissal without prejudice—might as a practical matter preclude a future civil rights action on this cause. Possibly the mere fact that Fulford brought this apparently timely civil rights action, regardless of its present disposition, tolls the limitation period. Alternatively, Fulford's status as a prisoner may toll the running of the limitation period under a disability provision in the relevant prescriptive statute. Or possibly the only means for the district court to protect petitioner's right is to stay the § 1983 action pending the outcome of the state court appeal, and a possible habeas corpus appeal before the federal courts. *See Mastracchio v. Ricci,* 498 F.2d 1257 (1st Cir. 1974), *cert. denied,* 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838 (1975). This matter, which involves application of the state's statute of limitations, *see, e. g., O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Shank v. Spruill, supra; Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968), is best left to the district court for its initial consideration and decision.

We therefore affirm the district court's holding that a civil rights action under 42 U.S.C.A. § 1983, if any, is not properly before the Court at this time because it involves an issue which goes to the constitutionality of petitioner's presently valid conviction, but we vacate the order that the case be dismissed, and we remand for reconsideration in light of the statute of limitations problem.

Vacated and remanded.

TUTTLE, Circuit Judge (concurring in part and dissenting in part):

I concur in the result announced by the Court to the extent that it vacates the order of the trial court dismissing the case. I would also agree that under the general principles of the abstention doctrine the trial court should withhold action on the complaint pending a final determination by the state appellate courts of any proceedings pending at the time of the filing of the petition for relief under § 1983. With deference, however, I disagree with that part of the opinion of the Court which "reject[s] Fulford's argument that the propriety of § 1983 actions may be determined solely on the basis of the relief sought, *i. e.,* actions for money damages may go forward while actions for injunctive relief from incarceration may not."

My disagreement rests upon the fact that while I agree that this is a case in which the Federal Court should abstain from passing on the issue of legality of the conviction so long as that issue is pending in the state appellate courts on direct appeal, I do not agree that such abstention is mandated on jurisdictional grounds similar to the requirements of the habeas corpus statute, 28 U.S.C. § 2254(b).[1] The importance of the difference in my views from those of the Court appears more clearly when it is noted that the principle announced by the Court in this case is adopted without further elaboration in the companion case, *Meadows v. Evans,* 529 F.2d 385 (5th Cir., 1976). As is evident from the Court's opinion and my dissenting opinion in *Meadows,* his suit for damages

---

1. An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

was filed under § 1983, following a plea of guilty which he alleged had been coerced by illegal conduct of prison and prosecuting officers against him while awaiting trial. He had no appeal pending from his conviction and did not seek release from confinement. His conviction had been affirmed by the Texas Court of Criminal Appeals in September 1973. Under the principle announced by the Court in this case, *Meadows* holds that to recover only damages for alleged misconduct which caused him to plead guilty, *Meadows* must await the result of state habeas corpus action.

Bearing in mind that I have agreed that the trial court should abstain in this case until an appeal on the merits from the criminal conviction has been completed by the appellate courts of the State of Louisiana, I nevertheless feel that it is necessary to disagree with the establishment by this Court of the principle on which the Court places its decision to the same effect. I feel that this is necessary because, as stated above, the Court immediately proceeds to apply this principle in the *Meadows* case in which no appeal is pending.

I recognize, of course, as stated by the majority opinion, that a panel of this Court is bound by an earlier decision so long as it remains unmodified either by this Court *en banc* or by the Supreme Court. It is my view, however, contrary to that of the majority, that the Supreme Court in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) and *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973) effectively overruled the *Alexander* case. As I read the majority opinion, it proceeds on the theory that since any action in the Federal Court seeking either release from, or diminution of the length of time of service of, a state sentence must proceed by petition for habeas corpus any action seeking *damages* for state conduct which the plaintiff claims infected his conviction or detention must likewise be pursued by petition for habeas corpus. The first difficulty I have with this theory is that no one has ever obtained damages by a petition for habeas corpus. Thus, the Court would require that two lawsuits be filed in order to obtain what § 1983 clearly provides for "in an action at law, suit in equity, or other proper proceeding for redress." It would require some kind of proceeding in a state court, which the Court lumps under the term "habeas corpus" followed by habeas corpus action in the federal court and then, presumably, by a suit for damages under § 1983.

The second difficulty I have with this theory is that it seems to me to be contrary to the language and reasoning of the Supreme Court in the two cases which deal with the problem, *Preiser v. Rodriguez, supra,* and *Wolff v. McDonnell, supra.* It seems to me that the following language from *Wolff v. McDonnell* so clearly covers the situation with which we are concerned here as to leave no doubt about the right of a plaintiff to file his § 1983 action in which he does not seek either release from confinement or a limitation upon the length of confinement but seeks only damages for alleged misconduct by state officials subject only to the general rule of abstention by the trial court in a proper case:

"At the threshold is the issue whether under *Preiser v. Rodriguez,* 411 U.S. 475, [93 S.Ct. 1827, 36 L.Ed. 439] (1973), the validity of the procedures for depriving prisoners of good-time credits may be considered in a civil rights suit brought under 42 U.S.C. § 1983. In *Preiser,* state prisoners brought a § 1983 suit seeking an injunction to compel restoration of good-time credits. The Court held that because the state prisoners were challenging the very fact or duration of their confinement and were seeking a speedier release, their sole federal remedy was by writ of habeas corpus, 411 U.S. at 500, 93 S.Ct. at 1841, [36 L.Ed.2d at 456,] with the concomitant requirement of exhausting state remedies. But the Court was careful to point out that *habeas corpus is not an appropriate or available remedy for damages claims,* which, if not frivolous and of sufficient substance to invoke the jurisdiction of the federal court, could be pressed under § 1983 *along*

*with suits challenging the conditions of confinement* rather than the fact or length of custody. 411 U.S. at 494, 498–499, 93 S.Ct. at 1838, 1840–1841 [36 L.Ed.2d at 453.]

The complaint in this case sought restoration of good-time credits, and the Court of Appeals correctly held the relief foreclosed under *Preiser. But the complaint also sought damages;* and *Preiser expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings.* 411 U.S. at 499, n. 14, 93 S.Ct. at 1841 [36 L.Ed.2d at 456.][12] *Respondent's dam-*

[12] One would anticipate that normal principles of *res judicata* would apply in such circumstances.

*ages claim was therefore properly before the District Court* and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct. Such a declaratory judgment as a predicate to a damages award would not be barred by *Preiser;* and because under that case, only an injunction restoring good time improperly taken is foreclosed, neither would it preclude a litigant with standing from obtaining by way of ancillary relief an otherwise proper injunction enjoining the prospective enforcement of invalid prison regulations.

We therefore conclude that it was proper for the Court of Appeals and the District Court to determine the validity of the procedures for revoking good-time credits and *to fashion appropriate remedies for any constitutional violations ascertained, short of ordering the actual restoration of good time* already canceled.[13] (Emphasis

[13] It is suggested that the Court of Appeals wholly excluded the matter of good time from the proceedings on remand. It is true that the court's opinion is arguably ambiguous; but as we understand it, the District Court on remand was to determine the validity of the procedures for disciplinary hearings that may result in serious penalties, including good time, and that appropriate remedies were to

be fashioned short of actual restoration of good time."
added.)

Thus, it seems clear that even though the basis of a § 1983 suit is misconduct that is alleged to have resulted in an illegal conviction, the Court faced this precise problem in *Wolff* in that the basis of the claim made by the plaintiffs there was the illegal act of the state officials in depriving him of good-time credits, a clear ingredient of the "very fact or duration of . . . confinement." Notwithstanding this fact, the court expressly stated that "respondents damages claim was therefore properly before the District Court." 418 U.S. at 554, 94 S.Ct. at 2973, 41 L.Ed.2d at 949. *See, also, Shaw & Gonzales v. Brisco,* 526 F.2d 675 (No. 75–1906, 5th Cir., 1976).

Of course, I do not attempt here to assess the likelihood of success of a suit against state prosecutors or other officials either on the facts or the applicable law. The question whether the complaint here alleges a state of facts on which relief could be granted is not now before the Court.

I would reverse the trial court's order dismissing the suit and remand it with directions that the case be held until a final disposition of the direct criminal appeal in the state court and that the matter then proceed under § 1983 as filed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, WISDOM, GEWIN, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY, GEE and TJOFLAT, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.