Johnny Otis DAVIS, Plaintiff-Appellant,

v.

Benny FISHER, Sheriff, Delta County, Cooper, Texas, Defendant-Appellee.

No. 76–2432

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1977.

Johnny Otis Davis, pro se.

Benny P. Fisher, pro se.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

This is a § 1983 case against a Texas sheriff, filed pro se by a state prisoner.

We agree with the District Court that the claim of denial of counsel is properly raised by habeas, and with respect to it plaintiff must exhaust state remedies. *Fulford v. Klein,* 529 F.2d 377 (C.A.5, 1976). With one exception we agree that plaintiff's other claims do not rise to constitutional status. Giving a liberal construction, which we must, to plaintiff's pro se pleading we think that it sufficiently states one claim.

Plaintiff asserted that he was arrested and held past ninety days in violation of a Texas statute providing that one in custody for ninety days and not indicted must be released; that he was "held [in] false imprisonment;" that he worked for the defendant sheriff "painting houses for the defendant" and doing other labor and was told he would be paid but was not paid. We think this sufficiently raises a constitutional claim.[1]

AFFIRMED in part, REVERSED in part and REMANDED.

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Breach of an agreement to pay wages to a validly incarcerated prisoner would not of itself necessarily constitute peonage or involuntary servitude.

Of course, plaintiff's brief on this appeal was not available to the court below. However, it substantiates the possible construction which we have put on plaintiff's complaint. In this pro se brief plaintiff says that the defendant was guilty of "peonage"; that plaintiff "did work for peoples and did special work, painted

a room and apartment in the courthouse . . did plumbing work, hauled hay for the sheriff's father. Mowed yards and was illegal unlawful in custody"; that "Plaintiff constitution right was violated by the respondent held as a slave

compelled to endue [endure?] involuntary servitude."