OAK PARK TRUST & SAVINGS BANK, Trustee under Trust No. 6901, et al., Plaintiffs,

v.

VILLAGE OF PALOS PARK, et al., Defendants.

No. 81 C 3397.

United States District Court, N.D. Illinois, E.D.

March 18, 1982.

Don E. Glickman, Rudnick & Wolfe, Chicago, Ill., for plaintiffs.

William W. Kurnik, Judge, Drew, Cipolla & Kurnik, Park Ridge, Ill., for defendants.

MEMORANDUM OPINION

GRADY, District Judge.

For purposes of defendants' motion to dismiss, we consider the facts as stated by plaintiffs. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiffs, Oak Park Trust & Savings Bank, as Trustee under Trust No. 6901, and Samuel A. Libert, M.D., own 19.6 acres of land within the Village of Palos Park. They instituted this action for damages against the Village and members of the Village Board of Commissioners and Plan Commission under 42 U.S.C. § 1983, alleging that defendants' unreasonable refusal to rezone their property to permit a multi-

family planned unit development violated plaintiffs' rights to substantive due process and equal protection of law under the Fifth and Fourteenth Amendments to the United States Constitution.

In 1978, plaintiffs sued the Village in the Circuit Court of Cook County, Illinois, for a declaratory judgment that the Village's R–1 zoning ordinance, as applied to plaintiffs' property, was null and void. None of the individual defendants in this case were parties to the Circuit Court case. After a bench trial, the Circuit Court entered final judgment on February 10, 1981, ordering the Village to permit plaintiffs' proposed development of the property for multi-family housing. The Circuit Court found that the highest and best use of plaintiffs' property was for the multi-family planned unit development proposed by plaintiffs and ruled that the Village zoning ordinance, as applied to plaintiffs' property, "is unreasonable, arbitrary, confiscatory, unconstitutional and void and bears no reasonable relationship to the public health, safety, morals and welfare." The Village has appealed the Circuit Court's order, but has not applied for a stay of the final judgment pursuant to Illinois Supreme Court Rule 305.

Defendants have moved to dismiss this complaint under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Alternatively, they seek to dismiss Count I for failure to state a claim upon which relief could be granted on the theory that the refusal to rezone property does not deprive a person of a property right within the meaning of the due process clause. We agree that the *Younger* doctrine requires that we dismiss this case. Therefore, we need only consider the parties' arguments as to *Younger*'s applicability to these facts.

■ The strict holding in *Younger* was limited to the rule that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *See Samuels v. Mackell*, 401 U.S. 66, 69, 91 S.Ct. 764, 766,

27 L.Ed.2d 688 (1971). Subsequent decisions have applied the *Younger* doctrine in civil cases. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (civil contempt proceedings); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (nuisance); *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (state attempt to recover fraudulently obtained welfare benefits); *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (state seeking custody of children). Although the early cases dealt with civil proceedings akin to criminal proceedings, the *Younger* doctrine is not confined to those situations. *Juidice v. Vail*, 430 U.S. at 334, 97 S.Ct. at 1216–17. However, whether *Younger* abstention is mandatory when only damages are sought in an § 1983 action has been explicitly left open by the Supreme Court. *Juidice v. Vail*, 430 U.S. at 339 n. 16, 97 S.Ct. at 1219 n. 16.

Recent lower court cases have applied *Younger* to damage actions as well as to actions for injunctive relief. In *Martin v. Merola*, 532 F.2d 191 (2d Cir.1976), the district court dismissed a complaint without prejudice where defendants in a criminal case in state court brought a civil damage action in federal court against the prosecutor for making statements to the press that would allegedly deny them their right to a fair trial. The Court of Appeals stated,

That appellants herein have requested such an inquiry in the context of an action for damages rather than a suit directly to enjoin a state criminal proceeding is not determinative ... In implementing the policy of non-interference, federal courts must focus upon the practical impact of any potential ruling ... In addition such parallel proceedings represent a drain on already overextended judicial and prosecutorial resources.

*Id.* at 195 (citations omitted).

■ The determinative factor is whether our decision as to damages in this case would be directed to the identical issue facing the state appellate court involving the granting of injunctive relief. *Guerro v.*

*Mulhearn,* 498 F.2d 1249 (1st Cir.1974). We reject the argument that the propriety of § 1983 actions may be determined solely on the basis of the relief sought, i.e., that actions for money damages may go forward while actions for injunctive relief may not. *Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976) (damages sought for state officials' withholding of exculpatory evidence in a criminal trial).

The Seventh Circuit has addressed the question of *Younger*'s applicability in a case similar to this case. In *Ahrensfeld v. Stephens,* 528 F.2d 193 (7th Cir.1975), the plaintiffs brought an action under § 1983 seeking injunctive, declaratory and monetary relief for the Village of Rosemont's taking of plaintiffs' land by eminent domain. The court held that the district court properly abstained from interfering with the state court eminent domain proceedings since the plaintiffs could raise their constitutional claims in state court. The plaintiffs claimed that a Village resolution authorizing condemnation of their property violated the taking provision of the Fifth Amendment and also asserted that the conduct of the Village violated its own zoning ordinances. The court stated:

Central to the concern prevalent in the principles of equity, comity and federalism is the strong desire to avoid unnecessary interference and conflict with the sovereignty of the states. A logical corollary of this is that a federal court should refrain from interfering in ongoing state proceedings. Until recently, this concern has manifested itself most notably in situations where a federal court has been asked to interfere in pending state criminal proceedings. However, ... several courts, including this court, have ordered abstention when the pending state proceedings were civil in nature .... These cases indicate to us that the application of the "principles of equity,

comity, and federalism" is not limited solely to the pending state criminal proceeding situation, but may also call for abstention where the pending state proceeding is civil.

*Id.* at 197 (citations omitted).

In a footnote, the Seventh Circuit discussed the zoning aspect of the case:

Federal courts have also noted that the application of zoning ordinances and regulations is "distinctively a feature of local government" which is "outside the general supervisory power of federal courts." Therefore, the district court properly abstained from answering Plaintiffs' request that it find that the Village violated its zoning ordinance by taking residentially-zoned property for a commercial use.

*Id.* at 198 n. 7 (citations omitted).

 In the case now before us, an appeal is pending in state court regarding the very issue plaintiffs seek to litigate here. To decide this case before the plaintiffs exhaust their state appeals would be to risk inconsistent decisions by this court and the state court. The principles of equity, comity and federalism are directly involved. Therefore, we hold that *Younger* applies.[1]

 The differences in the parties to the state and federal suits does not alter our result. In the state action, only the Village of Palos Park was a defendant, whereas in this case Village officials are also named. Because Village officials were acting in their official capacities, they were acting as alter egos of the Village. In *Dema v. State of Illinois,* 546 F.2d 224, 226 (7th Cir.1976), the court held that where an additional party in the federal proceeding is merely the alter ego of a party named in the state proceeding, *Younger* remains applicable.

*Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state

1. Where a plaintiff has not exhausted his state court appellate rights, *Younger* is compelling. In *Sixth Camden Corp. v. Township of Evesham,* 420 F.Supp. 709 (D.N.J.1976), the court stated in dicta that before the plaintiff had exhausted his state court appeals, abstention would have been proper. "Since the state courts could conceivably have adjudicated the denial [of the zoning variance] as valid, removing one of the plaintiff's major constitutional claims, arguing abstention at the time was eminently reasonable." *Id.* at 719.

and federal, to the state courts." *Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973). *See Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); Wright & Miller, *Federal Practice & Procedure* § 4522 and text accompanying note 14. Unlike *Western Food Plan, Inc. v. MacFarlane,* 588 F.2d 778 (10th Cir.1978), cited by plaintiffs, in the case before us we face the identical issue confronting the state appellate court. Because no other issue exists in this case, a stay pending its resolution by the state court is inappropriate. We dismiss.

*Conclusion*

For the reasons stated above, we grant defendants' motion to dismiss the complaint. The dismissal is without prejudice.