Robert L. SANDS

v.

Clyde A. DUNN, Attorney, J. Kenneth Porter, Circuit Judge, Barbara Brooks, Court Reporter, Al Schmutzer, Jr., District Attorney General, Richard Vance, Assistant Attorney General, Paul Hill, Sheriff, Donal Tharp, Deputy.

Civ. No. 3-80-465.

United States District Court, E. D. Tennessee, N. D.

Oct. 20, 1980.

Robert L. Sands pro se.

William M. Leech, Jr., Atty. Gen. of State of Tenn., Nashville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The Clerk is directed to file the above–styled complaint without prepayment of the requisite fees and security.

In this action under the Civil Rights Act plaintiff seeks compensatory and punitive damages for violation of his right to a fair trial. This claim goes to the constitutionality of plaintiff's state court conviction. Accordingly, habeas corpus is the exclusive initial cause of action and this action for damages cannot be prosecuted until all state remedies have been exhausted in seeking relief from the conviction. *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979); *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), aff'd en banc, 550 F.2d 342 (1977); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976); aff'd en banc, 550 F.2d 345 (1977), cert. denied, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974); *Derrow v. Shields*, 482 F.Supp. 1144 (W.D. Va. 1980); *Rogers v. Fuller*, 410 F.Supp. 187 (M.D. N.C. 1976). The Civil Rights statute cannot be used by a state prisoner to circumvent the exhaustion requirement of 28 U.S.C. § 2254. *Smartt v. Avery*, 411 F.2d 408 (6th Cir. 1969).

Plaintiff has filed two petitions for writs of habeas corpus in this Court. Except for one, the allegations in plaintiff's complaint are the same as those alleged in the prior petitions for habeas corpus. These petitions were dismissed because the grounds alleged did not rise to the level of constitutional

violations or because state remedies had not been exhausted. *See Sands v. Davis*, Civ. 3–80–159 (Sept. 30, 1980); *Sands v. Davis*, Civ. 3–80–65 (Feb. 22, 1980). Since plaintiff's complaint is to be treated as a petition for habeas corpus, and because the grounds stated (save one) are the same as those in the prior petitions, this complaint must be dismissed as to these grounds for the same reasons given in the memorandum opinions dismissing plaintiff's prior petitions.

■ The allegation which was not raised in the prior petitions is that plaintiff was beaten on May 9, 1979, by Sheriff Paul Hill and Deputy Donal Tharp. There is no requirement that plaintiff exhaust his state remedies for this claim under the Civil Rights Act because it does not challenge the fact or duration of his confinement. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). However, it is clear from the face of the complaint that this claim is time–barred by Tennessee's one–year statute of limitations for suits brought under federal civil rights statutes. *See* Tenn.Code Ann. § 28–304.

For these reasons, it is ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.