**Carroll Eugene BARNES, Plaintiff,**

v.

**Charles L. WOLFF, Jr., Defendants.**

**No. CV–R–81–171–ECR.**

United States District Court,
D. Nevada.

March 21, 1984.

Carroll E. Barnes, in pro per.

Richard Bryan, Atty. Gen., Crim. Div. by Brian Hutchins, Deputy Atty. Gen., Carson City, Nev., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

EDWARD C. REED, Jr., District Judge.

*Introduction*

Plaintiff, a prisoner at Nevada State Prison, is suing defendant Wolff under 42

U.S.C. § 1983. Defendant has moved for summary judgment. This matter is now before the Court for consideration of plaintiff's objections to the Magistrate's Report and Recommendation on this motion.

### Background

Plaintiff has filed a complaint and an amended complaint in which he contends that defendant violated his constitutional rights, including his due process rights, by increasing the length of his sentence, and by transferring him to a "more punitive, harsh, and otherwise hostile" penal institution. He also contends that defendant violated his right to privacy and subjected him to cruel and unusual punishment. No facts were pleaded in support of these latter contentions. However, plaintiff has filed a motion for leave to file a second amended complaint. The proposed complaint alleges that plaintiff's right to privacy was violated when he was taken in front of television cameras while wearing chains, and that he was subjected to cruel and unusual punishment in that he was tear-gassed while locked in a cell.

The Magistrate points out that plaintiff's claim that the length of his sentence has been unconstitutionally increased should be regarded as a claim for habeas corpus relief. She recommends that because plaintiff has failed to exhaust his state remedies on this issue, as required by 28 U.S.C. § 2254, his claim should be dismissed. She also suggests that plaintiff has failed to show that his rights have been violated as a result of his transfer, and that therefore defendant is entitled to summary judgment on this issue. Finally, she suggests that plaintiff's claims of invasion of privacy and cruel and unusual punishment are not properly before this Court.

### Analysis
#### Amended Sentence Structure

■ The exclusive federal remedy for a state prisoner challenging the fact or duration of his confinement is habeas corpus, with its attendant requirement of exhaus-

tion of state remedies. *Preiser v. Rodriguez,* 411 U.S. 475, 487–88, 499 n. 14, 93 S.Ct. 1827, 1835–1841 n. 14, 36 L.Ed.2d 439 (1973); *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 681 (9th Cir.1984). This rule is based on the principle of comity, which is defined as "a proper respect for state functions" by the federal courts. *Preiser,* 411 U.S. at 491, 93 S.Ct. at 1837 (citing *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).[1]

■ If, however, a prisoner plaintiff seeks damages under § 1983, together with either a release from confinement or a reduction in its duration, the court may, consistent with *Preiser,* properly dismiss the latter claim while retaining the former. *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2973–2974, 41 L.Ed.2d 935 (1974); *Ybarra,* 723 F.2d at 681–82. In such situations, the proper approach is to determine whether the plaintiff's "initial and exclusive remedy lies in habeas corpus." *Ybarra,* 723 F.2d at 682 (citing *Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir. 1976), *aff'd on rehearing en banc* 550 F.2d 342 (5th Cir.1977)). Thus, under *Ybarra* and *Fulford,* analysis of the propriety of actions brought under § 1983 should not be based solely on the type of relief sought, but rather should focus on the nature of the basis for relief. *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir.1979) (citing *Fulford, supra,* 601 F.2d at 381). *See also Padilla v. Ackerman,* 460 F.2d 477, 478 (9th Cir.1972) (pre-*Preiser*): "A purported civil rights complaint which 'in essence' seeks habeas corpus relief should ... be treated as an application for habeas corpus."

■ In the present case, while plaintiff seeks damages, it is clear that he is challenging the constitutionality of the amendment of his sentence structure. Furthermore, a finding by this Court that plaintiff was entitled to damages on this issue would show that a reduction in his sentence was required. *Cf. Ybarra,* 723 F.2d at 682

---

**1.** The rule applies to state administrative as well as judicial functions. *Id.*

(A finding that Ybarra was entitled to declaratory relief in his favor would show that release was required.). Accordingly, we conclude that plaintiff's "initial and exclusive remedy" lies in habeas corpus, with respect to any § 1983 claims arising out of his amended sentence structure, and that therefore those claims cannot be heard at this time.

We recognize that the *Wolff* court held that a claim for damages arising from allegedly invalid disciplinary procedures could go forward in federal court under § 1983 during the period in which the habeas claim—which arose out of the application of the challenged procedures—was pursued in state court. 418 U.S. at 554–55, 94 S.Ct. at 2973–2974. We also note that the Court observed that "[o]ne would anticipate that normal principles of *res judicata* would apply in such circumstances." *Id.* at 554 n. 12, 94 S.Ct. at 2974 n. 12. Several subsequent lower court decisions have found that this part of the *Wolff* decision does not provide a clear answer as to whether damages for the deprivation of a right for which habeas corpus is the initial and exclusive remedy, can be recovered in a § 1983 suit from which the habeas claim has been dismissed. *See, e.g., Fulford, supra,* 529 F.2d at 381; *Derrow v. Shields,* 482 F.Supp. 1144, 1147 (W.D.Va.1980). These courts have concluded that district courts can award damages "incidental to an invalid proceeding" but can not award damages for excessive confinement. *Fulford, supra,* 529 F.2d at 381.

■■■ While these courts have not defined the scope of "damages incidental to an invalid proceeding," we conclude that it

should be limited to damages based on a violation of the right to procedural due process itself.[2] Such damages were in fact sought by the plaintiffs in *Wolff,* and have been held to be recoverable in *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). This interpretation is consistent with the principle of federal-state comity endorsed by the *Preiser* Court. If a federal district court were to award damages based on a judgment that the fact or duration of confinement was unconstitutional, that judgment might well have a preclusive effect in the state habeas corpus proceedings.[3] This would have the intrusive effect on state proceedings that decisions such as *Preiser* and *Younger* sought to avoid. We are aware that some courts are not in accord with *Fulford's* interpretation of *Wolff. See, e.g., Williams v. Ward,* 556 F.2d 1143, 1151 (2d Cir.) *cert. dismissed* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977). However, we feel that these cases fail to recognize that a judgment rendered under § 1983 that has a preclusive effect in state habeas corpus proceedings, will also have an intrusive effect that is inconsistent with *Younger.* Therefore, we reject the *Williams* court's interpretation of *Wolff.*

The fact that plaintiff's claims challenging his amended sentence structure cannot be heard at this time does not necessarily mean that they must be dismissed. The *Fulford* court recognized that if a plaintiff is required to exhaust his state habeas corpus remedies, his right to seek § 1983 relief may be prejudiced by the running of the relevant statute of limitations. 529

---

**2.** In the present case, a finding that the plaintiff's procedural due process rights have been violated as a result of the amendment of his sentence structure is not necessarily related to whether he is entitled to a reduction in his sentence, since there may be no causal connection between the procedural violation and the final outcome reached under the defective procedures. *Derrow, supra,* 482 F.Supp. at 1148; *see Carey v. Piphus,* 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). However, if prior to exhaustion it appears that a decision on the procedural due process claim arising out of the amended sentence in this case will bear on

the validity or invalidity of plaintiff's confinement, then that issue cannot serve as the basis for an award of damages under § 1983. *Derrow, supra,* 482 F.Supp. at 1148–49.

**3.** We assume, for the purposes of this analysis, that the merits of plaintiff's § 1983 claims would have been decided by this Court before the state habeas proceedings were concluded. This assumption is required because the actual amount of time required for resolution of the claims at either the state or federal level is impossible to predict at this time.

F.2d at 382. It therefore directed the district court on remand to address the issue of whether the § 1983 claim should be stayed pending exhaustion of state remedies. *Id.* Since the parties to the present case have not addressed this issue, it is appropriate that they be granted an opportunity to do so.

*Transfer from Medium to Maximum Security Prison*

Plaintiff contends that he was never taken before a classification committee prior to being transferred to the Nevada State Prison. The defendants contend that because of the possibility that he had prior knowledge of an escape attempt, plaintiff was deemed to be a security risk at a medium security prison, and that the proper procedures were followed in transforming him from that institution.

In *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976), the Court held:

> As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight. The Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.

In order to prevail on this issue, therefore, plaintiff must establish the existence of "some right or justifiable expectation rooted in state law that he will not be transferred except ... upon the occurrence of ... specified events." *Id; see also Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983).

Nevada Department of Prisons Procedure No. 318 provides that all transfers of inmates between institutions are to be accomplished through classification committee action unless an emergency situation exists. Classification committee action is in turn governed by Procedure No. 205, which provides for the presence of the inmate at his classification hearing. *See, e.g.*, Procedure No. 205(8)(a)(1). Thus, we conclude that plaintiff was entitled to expect that he would not be transferred without being given the opportunity to appear at a hearing.

Plaintiff has alleged that he was not taken before a classification committee prior to his transfer, and there is nothing in the record to indicate to the contrary. It is the burden of the party seeking summary judgment to show the absence of a genuine issue of material fact. Defendant has failed to meet that burden.[4]

*Eighth Amendment and Privacy Claims*

In his amended complaint, plaintiff contends that he was subjected to cruel and unusual punishment, and that he was denied his right to privacy. However, these conclusory allegations, unsupported by facts, are insufficient to state a claim under § 1983. *Williams v. Gorton*, 529 F.2d 668, 671 (9th Cir.1976), *aff'd without opinion* 566 F.2d 1186 (9th Cir.1977).

Defendant contends that he is entitled to summary judgment because plaintiff's amended complaint fails to state a claim for relief. However, in situations such as this one, it is the practice of this Court to allow a reasonable period for amendment. In the present case, plaintiff has already submitted a motion to file a second amended complaint. The proposed complaint contains factual allegations in

---

**4.** The affidavit of John Slansky was filed in support of defendants' motion for summary judgment. Attachment 1 to this affidavit indicates that as part of an investigation into the escape attempt, Captain Ewing, Mr. Neuneker and Mr. Slansky interviewed a group of inmates (including the plaintiff), and that the three met as a classification committee and determined that all of the members of this group had knowledge of the escape attempt. The Court is unwilling to conclude, from this evidence, that a classification hearing has been held within the meaning of Procedure No. 205.

Defendants have also failed to produce any evidence to show that an emergency situation existed.

support of his claims that he was subjected to cruel and unusual punishment and that his right to privacy was violated. We have today, pursuant to a separate order, granted this motion to file a second amended complaint. Therefore, summary judgment in favor of defendant on these issues is inappropriate at this time.[5]

IT IS, THEREFORE, HEREBY ORDERED that the parties shall have 30 days in which to submit contemporaneous briefs, and 20 days thereafter in which to submit contemporaneous reply briefs, on the issue of the proper disposition (i.e., stay or dismissal) of plaintiff's § 1983 claims arising out of the amendment of his sentence structure.

IT IS FURTHER ORDERED that the § 1983 claims referred to in the preceding paragraph shall be dismissed if within 20 days from the date of this Order defendant stipulates that a defense to those claims based on the statute of limitations will not be asserted if plaintiff refiles these claims after exhausting his state remedies.[6] In the event that such a stipulation is forthcoming, the briefing schedule set forth in the preceding paragraph shall be vacated.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied as to all claims not arising out of the amendment to plaintiff's sentence structure.

---

[5]. Defendant is not, of course, precluded from seeking dismissal of the second amended complaint, or summary judgment on the issues raised therein.

[6]. See *Hodgin v. Roth*, 536 F.Supp. 454, 459 n. 6 (E.D.Pa.1982). Defendant would be bound by such a stipulation only for the period in which plaintiff pursues a state habeas remedy. In other words, defendant would still be able to assert a statute of limitations defense if, after exhausting his state habeas remedy, plaintiff failed to refile his § 1983 claims in this court within the applicable limitations period.