Manuel LUCERO, Plaintiff-Appellant,

v.

Dan RUSSELL, Acting Warden, et al.,
Defendants-Appellees.

No. 83–3871.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 1984.

Decided Aug. 28, 1984.

Manuel Lucero, in pro per.

Nick A. Rotering, Sp. Asst. Atty. Gen.,
Dept. of Institutions, Helena, Mont., for
defendants-appellees.

Before PECK *, WRIGHT, and FARRIS,
Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Manuel Lucero filed a 42 U.S.C. § 1983
action alleging that officials at Montana
State Prison violated his constitutional
rights by administratively transferring him
to maximum security without a hearing.
We affirm the district court's dismissal of
the complaint.

The Due Process Clause protects
only property and liberty interests arising
from (1) the Due Process Clause itself or
(2) state law. *Hewitt v. Helms,* 459 U.S.
460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675
(1983). Lucero's administrative transfer
was well within the terms of confinement
ordinarily contemplated by a prison sen-
tence and did not infringe on any liberty
interest protected by the Due Process
Clause. *Id.* at 869–70. Lucero has not
shown that Montana, through its laws or
regulations, has created a constitutionally
protected liberty interest in the transfer.

Prison officials have broad admin-
istrative authority over the prisons they
manage while inmates retain only a narrow
range of protected liberty interests. *Id.* at
869. To hold that *"any* substantial depri-
vation imposed by prison authorities trig-
gers the procedural protections of the Due
Process Clause would subject to judicial

* Senior Circuit Judge for the Sixth Circuit.

review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). The day-to-day operation of state prisons is not the business of federal judges. *Id.* at 228–29, 96 S.Ct. at 2540–41.

We also find no support for Lucero's contentions that prison officials coerced his guilty plea or used the label "administrative" to evade due process hearing requirements.

Affirmed.