Robert OKUMOTO, Plaintiff,

v.

William LATTIN, et al., Defendants.

No. CV–R–84–93–ECR.

United States District Court,
D. Nevada.

Dec. 15, 1986.

Robert Okumoto, in pro per.

Brian McKay, Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. Robert Okumoto, the pro se plaintiff, was, when the incidents relevant to this case occurred, an inmate housed in prison facilities operated by the Nevada Department of Prisons.

The plaintiff's Second Amended Complaint (document # 69) alleges several claims under § 1983 based upon the following allegations: plaintiff was punished for a general violation of the Code of Penal Discipline when there was a specific minor violation covering the offense committed; plaintiff was punished without prior written notice; plaintiff was punished without consultation with a physician about his medical complaints; plaintiff was involuntarily transferred from the Southern Nevada Correctional Center ("SNCC") to the "psychiatric" unit number four at the Northern Nevada Correctional Center ("NNCC") as punishment and without notice or hearings; plaintiff was housed in the psychiatric unit as punishment; and plaintiff was denied access to a law library. The plaintiff has moved for a summary

judgment on the claim that he was denied due process of law as guaranteed by the Fourteenth Amendment when he was transferred from SNCC to unit number four at NNCC as punishment and without notice or hearings.

The day before he filed his Motion for Summary Judgment, the plaintiff filed a Motion for Leave to File an Amended Complaint. After the defendants responded to the plaintiff's Motion for Summary Judgment and after the plaintiff replied, the Motion for Leave to File an Amended Complaint filed on behalf of plaintiff was granted. The amendment of plaintiff's complaint added two defendants, both of whom are represented by the counsel that represents the other three named defendants. The amendment does not affect the issues raised by the Motion for Summary Judgment. Therefore, that motion can be disposed of at this time.

The plaintiff, in his Motion for Summary Judgment cites *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980), and *Barnes v. Wolff,* 586 F.Supp. 312 (D.Nev.1984) as requiring, for due process, that a hearing be held before any institutional transfer. In a supplement to his Motion for Summary Judgment the plaintiff cites the Court to *Baugh v. Woodard,* 604 F.Supp. 1529 (E.D.N.C.1985). In an affidavit, submitted with the Motion for Summary Judgment, the plaintiff states that no hearings were held with him present prior to his transfer; he further states in his affidavit that the defendants have admitted that there is nothing in their records that shows that there was such a hearing.

In their opposition to plaintiff's motion, defendants argue that *Vitek v. Jones, supra,* and *Barnes v. Wolff, supra,* are distinguishable. Defendants assert that issues of material fact remain. Defendants attached to their opposition, as an exhibit, the State of Nevada Department of Prisons Procedure Manual, Procedure Number 205, pages 1–9.

The Fourteenth Amendment to the Constitution of the United States provides that

no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The first inquiry in analyzing the plaintiff's claim is whether a constitutionally protected liberty interest is implicated. *Meachum v. Fano*, 427 U.S. 215, 223–224, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976). The second is whether the deprivation of such an interest has been effected with due process of law.

Not every grievous loss suffered at the hands of a state requires the procedural protection of constitutional due process. *Meachum*, 427 U.S. at 224, 96 S.Ct. at 2538; *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 843 (9th Cir.1985). Liberty interests that are protected by the Fourteenth Amendment arise from two sources—the Due Process Clause itself and the laws of the States. *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983); *Meachum*, 427 U.S. at 223–227, 96 S.Ct. at 2537–39.

■ The Supreme Court has held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976); *see also Hewitt*, 459 U.S. at 468, 103 S.Ct. at 869; *Lucero v. Russell*, 741 F.2d 1129 (9th Cir.1984). The plaintiff has not established as a fact that his transfer to unit number four at NNCC rendered the conditions or degree of his confinement beyond the sentence imposed upon him. On this point, a question of material fact remains.

In *Hewitt*, 459 U.S. at 469–472, 103 S.Ct. at 870–71 the Court held that a state creates a constitutionally protected liberty interest when it adopts rules which provide that prison officials may take a given action only if certain mandatory procedures are followed and only if specified substantive predicates are found. In *Olim v. Wakinekona*, 461 U.S. 238, 249–250, 103 S.Ct.

1741, 1747–48, 75 L.Ed.2d 813 (1983) the Supreme Court stressed that the key to a finding that a state has created a constitutionally protected liberty interest is the finding of the substantive predicate mentioned in *Hewitt, supra*. In *Olim*, the Court said, "a State creates a protected liberty interest by placing substantive limitations on official discretion," and that "[a]n inmate must show 'that particularized standards or criteria guide the State's decisionmakers.'" *Olim*, 461 U.S. at 249, 103 S.Ct. at 1747 *quoting Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 467, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981) (Brennan, J., concurring).

Recently, in cases dealing with the creation of a constitutionally protected liberty interest by a state, the Ninth Circuit Court of Appeals has stressed that, to find a state-created liberty interest, it is necessary to find that state law imposes substantive limitations on the exercise of official discretion. *Roberts v. Spalding*, 783 F.2d 867, 870–871 (9th Cir.1986); *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844–845 (9th Cir.1985).

■ In *Barnes, supra*, the court held that a state may create a constitutionally protected liberty interest by creating procedural prerequisites to official decisionmaking. In view of the recent Supreme Court and Ninth Circuit cases discussed above, it is clear that the key to a finding of a state created liberty interest is the existence of substantive criteria in the state law which guide the official decisionmakers. Procedural prerequisites are not enough. To the extent that *Barnes* is inconsistent with the cases of *Olim, supra; Roberts, supra; Baumann, supra;* and the decision in this case; it is no longer good law.

■ In this case, the plaintiff has not established that the decision to transfer him from SNCC to unit number four at NNCC was a decision limited by particularized substantive criteria in the state law. Also, the plaintiff has not established that his transfer required a change in classification which may be controlled by page 6 of

Procedure Number 205 of the Department of Prisons Procedure Manual. Moreover, the plaintiff has not established that the provisions of the Procedure Manual regarding changes in classification are particularized standards or criteria as opposed to mere guidelines that structure the exercise of the decisionmakers' discretion. *See Roberts*, 783 F.2d at 870–871. There remain questions of material fact regarding these issues.

The Court finds at this time that the petitioner has not proven facts sufficient to render *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) controlling. In that case the Court found that a prisoner had both a constitutional and a state-created liberty interest in not being transferred from the prison system to a state hospital. The Court found the constitutional liberty interest because the determination by prison officials that a prisoner should be subjected involuntarily to institutional care in a mental hospital visits consequences on the prisoner that are qualitatively different from the punishment characteristically suffered by a person convicted of a crime. *Id.* at 493–494, 100 S.Ct. at 1263–64. The Court said, "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual." *Id.* at 493, 100 S.Ct. at 1263. The plaintiff has not shown that the move to unit four rendered his treatment outside the range of conditions of confinement to which a prison sentence subjects an individual. As discussed above, it is also unclear at this time whether state law creates a constitutionally protected liberty interest in this case. Thus, *Vitek*, does not require summary judgment in plaintiff's favor.

The same analysis applies to *Baugh v. Woodard*, 604 F.Supp. 1529 (E.D.N.C.1985). The Court notes the great similarity of the *Baugh* case to the case at bar. However, the Court has not received sufficient evidence concerning unit number four or sufficient information regarding prison regulations to find as a matter of law that the plaintiff has a constitutionally protected liberty interest of which he has been deprived by the State.

Because there remain in this case questions of fact regarding whether or not plaintiff had a constitutionally protected liberty interest in not being transferred from SNCC to unit four at NNCC, the Court need not discuss the question whether the plaintiff was afforded procedures adequate to protect his due process rights.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's Motion for Summary Judgment is DENIED.