

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# Marin v. Dept of Defense

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Marin v. Dept of Defense" (2005). *2005 Decisions.* Paper 662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-251                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1139
_____

MELVIN M. MARIN,
Appellant

v.

DEPARTMENT OF DEFENSE AND ITS SECRETARY;
DEPARTMENT OF THE ARMY; ARMY & AIR FORCE EXCHANGE
SERVICE AND ITS ADMINISTRATOR;
UNITED STATES OF AMERICA;
DEFENSE FINANCE AND ACCOUNTING SERVICE;
THOMAS FINLEY; DANIEL LIMBAUGH;
ROBERT A. MAST; CRAIG LIVINGSTONE

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 99-cv-01048)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 26, 2005

Before:  ROTH, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed:  August 23, 2005)

_____

OPINION
_____

PER CURIAM.

Melvin Marin, a soldier in the United States Army Reserve, filed this action in the United States District Court for the Western District of Pennsylvania alleging violations of the Privacy Act, 5 U.S.C. § 552a(d)-(g); the Military Whistleblowers Protection Act, 10 U.S.C. § 1034; the Corrections Board Statute, 10 U.S.C. § 1552; the Soldiers and Sailors' Civil Relief Act, 50 App. U.S.C. § 581; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); and claims of negligence, defamation, and infliction of emotional distress. Marin averred that the defendants deliberately altered and destroyed his military records, and revoked his security clearance based upon inaccurate and incomplete information.[1]

The District Court observed that in 1995, Marin filed an action in the United States District Court for the District of Columbia, in which he named all of the same defendants and raised virtually identical claims and issues as the present action. See Marin v. Dep't of Def., D.C. Civ. No. 95-cv-02175 (PLF) (D.D.C.). The only claim from the 1995 action that the District Court did not adjudicate on the merits was the one seeking injunctive relief pursuant to the Privacy Act; that claim was dismissed without prejudice. Here, the District Court rejected Marin's arguments that the 1995 judgment was not final or that he did not have a full and fair opportunity to litigate his claims. Thus, the District Court dismissed Marin's previously litigated claims based upon the doctrine of res judicata.

---

[1] Because the background and specific allegations in Marin's Second Amended Complaint are fully and accurately set forth by the District Court, we do not repeat that information here. See December 14, 2004 D. Ct. Op. at 1-10.

The District Court also dismissed Marin's claims that could have been raised in the 1995 lawsuit. As to the Privacy Act claims for injunctive relief, the District Court found that although the claims may have been properly exhausted, Marin was given all of the records to which he is entitled. The court also rejected Marin's conclusory allegations that he was denied access to relevant records or that he was entitled to additional discovery. Accordingly, the District Court dismissed those claims seeking injunctive relief for failure to state a claim upon which relief can be granted. After Marin failed to properly effect service upon defendants Limbaugh, Mast, Finley, and Livingstone, the District Court ordered him to do so. See Fed. R. Civ. P. 4(m). When Marin did not comply with the order, the District Court dismissed the claims as to those defendants for failure to prosecute. See Fed. R. Civ. P. 41(b).

Marin timely filed this appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Marin has been granted leave to proceed in forma pauperis on appeal. When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a careful review of the record, we will dismiss this appeal as frivolous.[2]

The District Court's lengthy opinion is well-reasoned, thorough, and correct on the preclusive effect of Marin's prior lawsuit. As it properly determined, to the extent Marin

---

[2] In reaching this disposition, we have fully considered, but reject, the arguments presented in Marin's Response in Opposition to § 1915(e) dismissal.

3

seeks to re-litigate claims relating to his 1995 lawsuit regarding the release of information pertaining to his military service and the correction of military records, this action is barred under the doctrine of res judicata.  See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995).  To the extent Marin seeks to raise additional claims involving the same underlying events that could have been raised in his previous action, those claims are also barred.  See CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999).  The District Court properly dismissed Marin's Privacy Act claims for injunctive relief, as the record reflects that he has been given all of the records to which he is entitled.  Marin's contention that the defendants improperly altered and destroyed his military records, or "refused discovery," see Resp. in Opp. at 2, is not supported by the record.

In conclusion, because Marin's appeal of the dismissal of his claims lacks arguable merit in fact or law, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).