

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Color Plus Leather v. Vincie

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Color Plus Leather v. Vincie" (2006). *2006 Decisions.* Paper 372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-2925 and 04-2927

COLOR-PLUS LEATHER RESTORATION SYSTEM, L.L.C.,
Appellant

v.

CAROL A. VINCIE; NEW ERA CONSULTING;
COLORTEC; CDW; CYBER TECHNOLOGIES

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Nos. 02-cv-01570 and 03-cv-01492)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2006

Before: RENDELL, CHAGARES and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: October 3, 2006 )

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Color-Plus Leather Restoration System LLC (Color-Plus) appeals from the District

Court's November 18, 2003 Order denying its Rule 60(b) Motion and the District Court's

January 20, 2004 Order dismissing Color-Plus' second complaint.[1]  The District Court

concluded, in a thorough and well-reasoned opinion, that the court properly dismissed

Color-Plus' second complaint based on Rule 41(b) of the Federal Rules of Civil

Procedure and the common law doctrine of *res judicata*.  The District Court also denied

Color-Plus' Motion for Reconsideration of the Denial of its Rule 60 Motion.  We agree

and will affirm.

**I.**

Color-Plus filed a Complaint alleging breach of contract against New Era

Consulting, Carol A. Vincie, Colortec, C.D.W., and Cyber Technologies on September 5,

2002.  On August 7, 2003 the District Court *sua sponte* dismissed the case for failure to

prosecute.  Color-Plus then filed a second complaint identical to the one the District Court

had dismissed.  In addition, Color-Plus filed a Motion for Relief from Judgment pursuant

to Rule 60 of the Federal Rules of Civil Procedure which the District Court denied in a

November 18, 2003 Order.  Relying on the common law principle of *res judicata*, CDW

then filed a motion to dismiss the second complaint.  The District Court granted the

motion to dismiss on January 20, 2004.

---

[1]Our jurisdiction to review this order arises under 28 U.S.C. § 1291; our review of a
district court's denial of motions pursuant to Fed. R. Civ. P. 60(b) is an abuse of
discretion standard, *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991), and review of
dismissals of claims pursuant to both Rule 41(b) of the Federal Rules of Civil Procedure
and the common law doctrine of *res judicata* is plenary, *O'Leary v. Liberty Mut. Ins. Co.*,
923 F.2d 1062, 1065 (3d Cir. 1991).

## II.

## A. Denial of Rule 60(b) Motion

Color-Plus appeals the November 18, 2003 Order denying Plaintiff's Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Color-Plus bases this argument on the District Court's dismissal of its initial complaint for failure to prosecute. This argument is simply misplaced.

Color-Plus improperly argues the merits of the District Court's dismissal of its first complaint, as opposed to the denial of its Rule 60(b) Motion. As the District Court noted, "Rule 60(b) is not a substitute for an appeal." *Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986). Addressing the relationship between the act of appealing and seeking relief under Rule 60(b), we have stated that "it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977).

Color-Plus cannot seek relief under Rule 60(b)(6) because it could have reasonably sought relief in a timely appeal from the District Court's dismissal of Color-Plus' original complaint on August 7, 2003. Color-Plus waived its right to appeal when it failed to file an appeal within thirty days of the District Court's Order. FED. R. APP. P. 4(a)(1)(A).

"Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3d Cir. 1977) (citing *Mayberry v. Maroney*, 529 F.2d 332, 335 (3d Cir. 1976)). A party

3

seeking relief under Rule 60(b) must clearly assert the grounds for such relief. Color-Plus failed to assert any exceptional circumstances which would warrant relief under Rule 60(b). Its brief altogether fails to even challenge the District Court's denial of the Rule 60(b) motion. When Color-Plus failed to raise these issues in an appeal it waived its ability to seek relief on the same grounds, while using Rule 60(b) as its vehicle to do so. The District Court did not abuse its discretion in denying Color-Plus' motion.

## B. Dismissal of Second Complaint

On appeal, Color-Plus argues that the District Court erred in applying *res judicata* to dismiss its second complaint, because the first case had not been decided on the merits. As the District Court noted, the doctrine of *res judicata* bars a suit involving the same claims and the same parties where there is: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Arab African Int'l. Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir. 1993). Color-Plus' argument rests on the belief that the *sua sponte* dismissal of its first complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure did not act as "a final judgment on the merits."

Again, Color-Plus is really challenging the merits of the dismissal of its first complaint. Color-Plus argues that the dismissal was not "on the merits" because the District Court failed to address the factors for *sua sponte* dismissal set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1987). If Color-Plus

4

disagreed with the District Court's dismissal of the complaint due to the purported non-application of the *Poulis* factors, then Color-Plus should have appealed such order. In the absence of an appeal, the *Poulis* factors have no bearing on the effect of the *sua sponte* dismissal. Because Rule 41(b) of the Federal Rules of Civil Procedure provides that a *sua sponte* dismissal "operates as an adjudication of the merits," Color-Plus waived its ability to challenge the dismissal of the first complaint when it failed to appeal such motion in a timely manner.

## III.

For the foregoing reasons, we conclude that the District Court properly denied the Rule 60(b) Motion and appropriately applied the common law principle of *res judicata* to dismiss the second complaint. Accordingly, we will affirm the orders of the District Court.